UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GERALDINE KELLY,** personally
and individually

        **Plaintiff,**

vs.                                                  Case No. 8:18-CV-424-JDW-JSS

**LEE COUNTY RV SALES COMPANY**
**d/b/a NORTH TRAIL RV CENTER,**
**and NEWMAR CORPORATION,**

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkt. 3, 4). Plaintiff has not responded to either Motion, and they are therefore unopposed. Upon consideration, the Motions are **GRANTED**.

### I.  BACKGROUND

Plaintiff Geraldine Kelly brought this action alleging a breach of warranty claim against Defendants North Trail RV Center ("North Trail") and Newmar Corporation ("Newmar"). Plaintiff alleges that Defendants provided her with certain warranties when she purchased a recreational vehicle, and that Defendants breached these warranties by failing to repair defects in the vehicle after receiving notice of them. Plaintiff also alleges that Defendants failed to provide her with certain express warranties as guaranteed to her by the Purchase Contract attached as "Exhibit A" to the Amended Complaint.

Plaintiff's Amended Complaint alleges five counts: (1) Breach of Express Warranty, (2) Violation of Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. § 2301), (3) Fraud, (4) Fraudulent Inducement and (5) Unfair Trade. Defendants move to dismiss all Counts of the Amended Complaint, arguing primarily it is an impermissible shotgun pleading that fails to meet the standards of Federal Rules of Civil Procedure 8 and 10(b). (Dkt. 3, 4). Defendants move to dismiss Counts I and II for failure to state a claim upon which relief can be granted, Counts III and IV with prejudice on the ground that they are barred by Florida's economic loss rule, and Count V with prejudice for failure to allege facts supporting the claim. Defendants additionally request jurisdiction be reserved to award Defendants reasonable costs and attorney's fees under Florida Statute Section 501.2015 as it relates to the dismissal of Count V.

## II.   STANDARD

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations within a complaint "must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A sufficient pleading "require[s] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 558. All factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. 662 at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

### A. Shotgun Pleading

Defendants move to dismiss the Amended Complaint in its entirety as an impermissible shotgun pleading. The Eleventh Circuit has identified four types of "shotgun" complaints: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Here, Plaintiff's Amended Complaint is an impermissible shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants each claim is brought against. For example, in Count I ("Breach of Express Warranty"), Plaintiff should have but failed to separately allege each cause of action against each Defendant, as well as to distinguish which Defendant issued what "warranty." Plaintiff instead commingles both "written warranties" and "implied warranties" referenced in Paragraph 7 of Count I, and then fails to attach the referenced warranties underlying her claims. Although Plaintiff supplies an executed Purchase Contract in

Exhibit A, the Purchase Contract does not contain the language referenced by Plaintiff in her claims.[1] Similarly, in Count III, Plaintiff alleges that North Trail made a specific representation in Paragraph 31 of the Amended Complaint, but then generally alleges both Defendants made unspecified representations.[2] Consequently, the Amended Complaint does not give Defendants adequate notice of the claims against them and the grounds upon which each claim rests, and therefore will be dismissed as a shotgun pleading.

### B.  Counts I-II

Counts I and II respectively allege a breach of express warranty claim and a violation of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act ("Magnuson Moss Warranty Act") claim. Defendants contend that because Count II is premised on the existence of Plaintiff's insufficient breach of warranty claim in Count I, Count II also fails to state a claim.

The Magnuson Moss Warranty Act is a federal warranty enforcement statute. The Act does not create nor require any warranties from manufacturers. 15. U.S.C. § 2302(2)(b). ("[N]othing in this chapter . . . shall be deemed . . . [to] require a consumer product or any of its components to be warranted."). However, a consumer may file a claim for a breach of warranty in conjunction with the Magnuson Moss Warranty Act if a product manufacturer does issue a warranty and fails to honor its terms. *Bailey v. Monaco Coach Corp.,* 350 F. Supp. 2d 1036, 1043 (N.D. Ga. 2004), *affirmed*, 168 Fed. Appx. 893 (11th Cir. 2006) (absent an actionable warranty claim, there can be no violation of the Magnuson Moss Warranty Act). In sum, a breach of warranty claim under the Magnuson Moss Warranty Act is dependent upon having a viable underlying state breach of

---

[1] In Paragraph 5 of Plaintiff's Amended Complaint, Plaintiff alleges that the retail installment portion of Defendants' Contract and Servicing Agreement (attached by Plaintiff as Exhibit "A") provided warranties to her under the heading Warranty: "Warranty information is provided to you separately." However, Exhibit A contains no such language or heading. On the contrary, the executed contract with North Trail RV contains only a disclaimer section waiving all express and implied warranties.

[2] Such general allegations do not comply with Fed. R. Civ. P. 9(b).

4

warranty claim. *Burns v. Winnebago*, 2012 WL 171088 at *4 (M.D. Fla. 2012), *affirmed*, 492 Fed. App'x 44, 49 (11th Cir. 2012) (affirming summary judgment on RV plaintiff's MMWA claim because their underlying breach of warranty claim failed).

Here, Plaintiff alleges that a warranty was provided to her by Defendants, and supplies Exhibit A as evidence of this alleged warranty. However, as discussed, Plaintiff does not identify against each Defendant separately the precise warranty at issue. Nor is the warranty provision she references contained in Exhibit A. Because Count I fails to state a distinct breach of warranty claim against Defendants, Count II has no legal basis. Counts I and II therefore do not state claims upon which relief can be granted.

### C.     Counts III-IV

Counts III and IV allege claims for fraud and fraudulent inducement, seeking economic damages only, in excess of $15,000, for unaccounted for defects in the vehicle. Defendants contend that these counts are tort claims barred by Florida's economic loss rule because Plaintiff's claim is a product liability action in which Plaintiff alternatively alleges contractual based warranty claims for economic losses only.

Florida's economic loss rule is "a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic damages." *Tiara Condo. Ass'n v. Marsh & McLennan Co.*, 110 So. 3d 399, 401 (Fla. 2013). The rule prohibits claims in tort for damages which are the same as those for breach of contract so as to prevent plaintiffs from recovering duplicative damages for the same wrongdoing. *Luiginos Intern., Inc., v. Miller* 311 Fed. App'x 289, 293 (11th Cir. 2009). The Florida Supreme Court has expressly limited application of the rule to situations "where the parties are either in contractual privity or the defendant is a manufacturer or distributor of a product, and no established exception

5

to the application of the rule applies." *Id.* Although exceptions have been made for fraud and fraudulent inducement claims, the Eleventh Circuit distinguishes misrepresentations that occur during the performance of a contract from misrepresentations that are made independently of the contract, such as inducing a party to enter a contract on behalf of a company. *Id.* at 294. The economic loss rule applies to misrepresentations made during the performance of a contract but does not apply to misrepresentations made independently of the contract. *Id.*

Here, Counts III and IV are dependent on the same allegations contained in Plaintiff's breach of warranty claim. Additionally, Defendants are in contractual privity with Plaintiff. The alleged misrepresentations were not independent of the contract but instead consisted of promises made in the agreement. For example, Plaintiff alleges that Defendants fraudulently represented to her an intention to give full warranty protection for the RV by way of written warranties, yet failed to provide any warranties (see Paragraph 5 of Amended Complaint).[3] Unlike misrepresentations alleged in the inducement of a contract, the misrepresentations alleged here are in the performance of the contract and cannot be considered independent so as to constitute an exception to the rule. The executed contract also contains a merger clause restricting reliance on any prior representations, which further evinces that the alleged misrepresentations were made during the performance of the contract and not independently of it. Accordingly, these counts are barred by Florida's economic loss rule. Counts III and IV therefore do not state claims for which relief can be granted.

---

[3] Defendants "expressed on the retail installment of the Contract and Servicing Agreement on June 4, 2014 under heading <u>Warranty.</u> 'Warranty information is provided to you separately.' No separate warranty information was ever given to Plaintiff, Geraldine Kelly. See Exhibit 'A' attached hereto."

### D. Count V

Count V alleges a violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Defendants contend that Count V is premised upon a transaction that Defendant Newmar was not a party to. Defendants additionally contend that Count V depends on factual premises that were legally disclaimed by Defendant RV North, and therefore fails to state an actionable claim under FDUTPA.

FDUTPA serves to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). "The elements comprising a consumer claim for damages under FDUTPA are: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016). To satisfy the first element, the plaintiff must show that the alleged practice or act was likely to deceive a consumer acting reasonably in the same circumstances. *Id.* "Under Florida law, an objective test is employed in determining whether the practice was likely to deceive a consumer acting reasonably." *Id.* In Florida, "a party who signs a contract whose terms contradict the alleged misrepresentations on which he relied is barred from seeking relief pursuant to FDUTPA, as he acted unreasonably." *TGR Night Hawk*, 17 So. 3d 782 (Fla. 2d DCA 2009).

Plaintiff acted unreasonably in her reliance on the alleged representations that the vehicle would be fit for showing dogs and that certain warranties would be provided to her. The executed Purchase Contract provided by Plaintiff to support her claim is with Defendant North Trail, and disclaims all express and implied warranties. The Purchase Contract also contains a merger clause expressly stating that no verbal representations or statements made are actionable against North Trail RV. Regardless of what Plaintiff's actual beliefs were at the time of the contract, a reasonable

7

person in her situation would not have relied on the alleged representations when signing an agreement containing such explicit disclaimers that contradict North Trail's representations. *See TGR Night Hawk*, 17 So. 3d at 784 (holding that Plaintiff Buyer could not justifiably rely on alleged misrepresentations that were inconsistent with the contracted terms). Count V therefore fails to state a claim against either Defendant upon which relief can be granted.

Accordingly, Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkt. 3, 4) are **GRANTED**. Counts I and II are **DISMISSED** *without prejudice*. Counts III, IV, and V are **DISMISSED** *with prejudice*. Plaintiff may file a Second Amended Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** this 26th day of June, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record