UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALDINE KELLY,

    Plaintiff,

v.                                                       Case No: 8:18-cv-424-T-27JSS

LEE COUNTY RV SALES COMPANY
and NEWMAR CORPORATION,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendants' Motion for Entitlement to Recover Costs and Attorney's Fees Against Plaintiff ("Motion"). (Dkt. 71.) For the reasons that follow, the Court recommends that the Motion be denied without prejudice.

## BACKGROUND

Plaintiff, Geraldine Kelly, brought this action against Defendants, Lee County R.V. Sales Company d/b/a North Trail RV Center ("North Trail") and Newmar Corporation ("Newmar") alleging breach of warranties provided to her in the purchase of a recreational vehicle. (Dkt. 29.) On November 12, 2019, the Court granted Defendants' motions for summary judgment. (Dkt. 67.) Accordingly, the Clerk entered judgment in favor of Defendants the next day. (Dkt. 68.) On November 26, 2019, Defendants filed the Motion, requesting a determination as to their entitlement to fees and costs. (Dkt. 71.)[1] However, on December 11, 2019, Plaintiff filed a notice of appeal. (Dkt. 74.)

---

[1] Although originally opposed, Plaintiff subsequently stipulated to Defendants' entitlement to fees and costs. (Dkt. 73.)

**APPLICABLE STANDARDS**

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the Court has discretion to deny a motion for attorney's fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that"[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-CV-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) ) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-CV-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

**ANALYSIS**

Rather than resolving the Motion during the pendency of the appeal, the undersigned determines that the ends of justice would be better served by denying the motion without prejudice and with leave to re-file after the conclusion of the appeal. *See Bowers v. Universal City Dev.*

*Partners, Ltd.*, No. 6:03–cv–985–ORL–18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"). Immediate resolution of the Motion is unwarranted given the procedural posture of the case.

Accordingly, it is **RECOMMENDED** that Defendants' Motion for Entitlement to Recover Costs and Attorney's Fees Against Plaintiff (Dkt. 71) be **DENIED without prejudice** and with leave to file a motion for attorney's fees and costs within thirty days of the entry of a mandate by the Court of Appeals on Plaintiff's pending appeal.

**IT IS SO REPORTED** in Tampa, Florida, on December 19, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record