UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION
Case NO. 8:18-CV-424-JDW-JSS

GERALDINE KELLY,

    Plaintiff,

v.

LEE COUNTY R.V. SALES COMPANY,
a Florida Corporation d/b/a NORTH TRAIL
RV CENTER, a Florida Domestic Profit
Corporation, and NEWMAR CORPORATION,
a Foreign Corporation for Profit

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES**

The Plaintiff, by counsel, pursuant to Local Rule 3.01(b), responds in opposition to Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys' Fees Against Plaintiff and states that said motion should be denied for the following reasons:

## ARGUMENT

### I.

### FEES SHOULD BE DENIED PURSUANT TO THE DISCRETIONARY FEE PROVISIONS OF §320.835 AND §501.2105, FLA. STAT.

This Court should deny Defendants' motion for award of attorneys' fees because Defendants have not demonstrated grounds for such a discretionary award under the facts of this case. Defendants seek fees under §320.835, Fla. Stat. An award of such fees under that statute is not mandatory but is discretionary. "Court costs and reasonable attorneys' fees *may be* awarded to the prevailing party." *Id.* (emphasis added). Similarly, Defendants seek entitlement to fees under Florida's Deceptive and Unfair Trade Practices Act statute §501.2105, Fla. Stat. That statute also reflects that it provides for discretionary awards of attorneys' fees, not mandatory awards: "In any civil litigation resulting from an act or practice involving a violation of this part . . . , the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, *may receive his or her reasonable attorney's fees* and costs from the non-prevailing party." *Id.* at (1) (emphasis added).

The standard for an award of attorneys' fees under a discretionary fee-shifting statute such as §320.838 and § 501.2105 requires a finding that the Plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." *Sullivan v. School Board*, 773 F.2d 1182, 1888-89 (11th Cir. 1985). That standard has not been met in this case.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court cautioned lower federal courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation. This kind of hindsight logic would discourage all but the most airtight of claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 421-22.

Defendants argue that the Plaintiff's case lacked merit because she had no expert witness to support her claims of defects in the RV. Although she was ultimately unsuccessful on those claims, she had a good faith basis to pursue them even without expert testimony. The service records maintained by the Defendants and Plaintiff Kelly's deposition testimony combined to create issues of fact whether defects existed in the subject RV during the warranty period which were unrepaired. Docket entry 50-1 reflects numerous work orders that were written to attempt repairs on defects arising during the warranty period. Page 13 of that exhibit, Customer Work Order #A73508, reflects that the Plaintiff took the RV in to North Trail on July 17, 2014 for problems including the water heater. The third complaint on that work order states "guest states will not turn on with LP and electric advise," and the cause is stated as "no hot water on gas or electric." Although there appears an entry that the water heater is "working as designed" that entry is inconsistent with the later history of the water heater and its problems.

3

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

The portion of that exhibit appearing at page 15 of DE 50-1 is another work order reflecting that the Plaintiff brought the water heater into North Trail on October 14, 2015 with problems including the water heater which the entry reflect "takes forever to get the water hot." North Trail did not make any repairs, claiming that it "could not duplicate a problem at this time." DE 50-1 at 15. But it persisted.

Another persistent problem with the RV was the bedroom slide which was the subject of a work order written on November 28, 2014. DE 50-1 at 17. Among the several problems reported on that work order complaint #8 was "passenger rear bedroom slide is binding going out and in . . . not smooth." The entries under the "correction" section of that work order reflects "that the slide had delays in movement when moving inward or outward," and the technician "determined component in switch was bad," necessitating its replacement. DE 50-1 at 18.

Only a few months later, on February 5, 2015 the water heater was reported as still broken. See DE 50-1 at 23. Plaintiff returned the vehicle to North Trail noting that "hot water in coach is not getting hot." Id. The problem was not corrected on this visit, because North Trail was "unable to duplicate concern at this time." Id. However, it was not frivolous for Appellant to take the position that any discrepancy concerning whether there was or was not a warranted defect should be a seen as a genuine issue of material fact for the jury, in light of a conflict in the evidence.

4

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

The water heater problem never was repaired during the warranty period, with Ms. Kelly returning on January 19, 2016 and the work order reflecting the following complaint: "Guest states hot water system is inop on LP or electric. . . . Guest looking for asst. from Newmar." DE 50-1 at 27. Further, the problem was diagnosed on this visit with the work order stating that, after cleaning out the vent tubes, "on gas now still problem with heating found water flow problem after test LP pressures." DE 50-1 at 27.

Also on this visit the Plaintiff again complained that the "rear slide for bedroom passenger side is inop. Guest requesting help from Newmar on this." Id. The inspection reflected that work was done including removing the bed frame "to get to motor wires," and that found that "wires came loose from the wire nuts on motor holding them." Id. Appellant in good faith argued that, even without expert testimony, this was proof that there was either an original defect or a problem with improper repairs North Trail had made to service the slide.

Several months later the RV was back at North Trail again with problems involving the driver's side full wall slide "binding when going in and out" caused by the fact that the "mechanism skipped a tooth [and] needed readjusted." DE 50-1 at 33. Further, the fifth complaint on that visit that the water heater still was not working properly, and a new water heater was installed. DE 50-1 at 34.

The Plaintiff in her deposition gave testimony consistent with the existence of unrepaired defects that should not require expert testimony.  When asked about the work orders concerning problems that were beyond the warranty period, Plaintiff testified that "this was an ongoing problem that caused this," and that Ms. Kelly had to pay for her own repairs a second time after North Trail had unsuccessfully attempted repairs.  DE 41-2 at 33.

Ms. Kelly testified that she had to have repairs done to the driver's side slide room during the warranty period, but had those repairs performed in Pennsylvania rather than at North Trail.  DE 41-2 at 43-44.  Ms. Kelly expended substantial sums paid out of pocket after the warrant period expired, but "for ongoing problems," including problems with both slides which still did not work right by the time she was deposed.  DE 41-2 at 63.

Even with her paying for many repairs after the warranty period expired, it was not frivolous for Plaintiff to contend that the evidence supported a finding that Newmar paid for some of them and considered them as covered under the warranty.  See DE50-1, reflecting "Warranty Repair Orders" as late as 11/1/2016.  Plaintiff had a good faith basis to argue that was evidence of warranted defects still not repaired during the warranty period.

Plaintiff should not be sanctioned for taking the position that the limited warranty was breached, even if a particular problem (such as the water heater) was

eventually fixed after the problem first arose during the warranty period. Florida statute §320.837(3), which pertains to warranty service on recreational vehicles prescribes that a warranted "defect shall be remedied within 30 days of receipt of the written notification of the warranty claim unless the claim is unreasonable or bona fide reasons exist for not remedying the defect." Therefore, attorneys' fees should be denied under §320.835, Fla. Stat.

## II.

### FEES SHOULD BE DENIED TO NORTHTRAIL UNDER THE RV PURCHASE CONTRACT

The Defendant Lee County RV Sales Company, d/b/a North Trail RV Center ("North Trail") also seeks an award of fees pursuant to paragraph 17 of the RV purchase contract. The motion should be denied insofar it is based upon that ground, because the claim for attorneys' fees is in derogation of Florida law, which applies the "American Rule" requiring parties to bear their own attorneys' fees absent an enforceable contract or statutory provision. Here, the fee provision upon which North Trail relies is buried in the fine print on the back of the purchase contract, which should render it unenforceable.

"Under Florida law, absent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorneys' fees." *Int'l Fid. Ins. Co. v. Americaribe-Moriarty, JV*, 906 F.3d 1329, 1335 (11th Cir. 2018). It is "well established in Florida, which fully endorses the so called American Rule on the

7

question, that each party, including the successful one, in litigation, must ordinarily bear the burden of his [or her] own attorneys' fees." *General Motors Corp. v. Sanchez*, 613 So. 3d 883, 884 (Fla. 3d DCA 2009).  "[I]f an agreement for one party to pay another party's attorney's fees is to be enforced it must ***unambiguously*** state that intention and ***clearly identify*** the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Comty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997)(emphasis added).

The obvious reason for the requirement that attorneys' fees provision be specific and unambiguous so that they can be read and understood by the parties when entering into an agreement with such a fee-shifting provision.  Although no Florida case has been located holding unenforceable attorneys' fees provisions which are buried in fine print and inconspicuous, other types of contractual provisions in purchase agreements have been found to be unconscionable and unenforceable.  *See generally, e.g., Frank Griffin Volkswagen v. Smith*, 610 So. 2d 597 (Fla. 1st DCA 1992)(discussing characteristics and effects of inconspicuous disclaimers of warranty). Here North Trail's attorneys' fee provision is in the last sentence, in very tiny print, on the reverse side of the purchase contract.  Although the first page of the contract references the existence of "matter printed on the back hereof," that reference also is in very tiny print buried within a lengthy legal document.

8

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

Although, "several courts have recognized that an otherwise conspicuous disclaimer located on the reverse side of a contract is not rendered inconspicuous if the front of the document contains a noticeable reference to terms and conditions which are located on the reverse side," the Plaintiff submits that this Court should find that the reference to some unspecified terms on the reverse side of this agreement does not sufficiently draw attention to it to render it enforceable. *Cf. Rudy's Glass Constr. Co. v. E.F. Johnson Co.*¸ 404 So. 2d 1087 (Fla. 3d DCA 1981). Therefore, the motion for attorneys' fees should be denied.

Respectfully submitted,

| | |
|---|---|
| PEDRO A. COFIÑO | WASSON & ASSOCIATES, CHARTERED |
| COFIÑO TRIAL LAW | Courthouse Plaza—Suite 600 |
| Attorneys and Counselors at Law | 28 West Flagler Street |
| 407 Lincoln Road, Suite 10A | Miami, Florida 33130 |
| Miami Beach, FL 33139 | (305) 372-5220 Telephone |
| 305-531-8111 Telephone | (305) 372-8067 Facsimile |
| 305-531-0370 Facsimile | roy@wassonandassociates.com |
| legal@miamibeachlawyers.com | e-service@wassonandassociates.com |

Counsel for Plaintiff

By:   *S/ Roy D. Wasson*
ROY D. WASSON
Florida Bar No. 332070

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on August 27, 2020.

                                   By:   *S/Roy D. Wasson*
                                           ROY D. WASSON
                                           Florida Bar No. 332070

## SERVICE LIST

| **Counsel for Plaintiff** | **Counsel for Defendants** |
|---|---|
| Pedro A. Cofiño | W. Scott Powell |
| COFIÑO TRIAL LAW | Powell Law, LLP |
| Attorneys and Counselors at Law | 399 Carolina Ave., |
| 407 Lincoln Road, Suite 10A | Suite 100 |
| Miami Beach, FL 33139 | Winter Park, FL 32789 |
| Tel: 305-531-8111 | Tel: 407-647-5551 |
| Facsimile: 305-531-0370 | Facsimile: 407-647-5553 |
| legal@miamibeachlawyers.com | Spowell@Powell-law.net |