UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALDINE KELLY,

    Plaintiff,

v.                                                     Case No: 8:18-cv-424-T-27JSS

LEE COUNTY R.V. SALES COMPANY, a
Florida Corporation d/b/a NORTH TRAIL
RV CENTER, a Florida Domestic Profit
Corporation, and NEWMAR
CORPORATION, a Foreign Corporation
for Profit,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees Against Plaintiff (Dkt. 83), Plaintiff's Response in Opposition (Dkt. 84), and Defendants' Reply (Dkt. 87); and Appellee's Motion for Award of Attorney's Fees (Dkt. 89 at 1-10), Appellant's Response in Opposition (Id. at 14-25), and Appellee's Reply (Id. at 26-33). Upon consideration, Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees (Dkt. 83) is **GRANTED**. Appellee's Motion for Award of Attorney's Fees (Dkt. 89 at 1-10) is **GRANTED in part** and **DENIED in part**.

### Procedural History

Plaintiff/Appellant Geraldine Kelly ("Kelly") brought this action alleging a breach of warranty claim against Defendants/Appellees North Trail RV Center ("North Trail") and Newmar Corporation ("Newmar"). She alleged that Defendants provided her with certain warranties when she purchased a recreational vehicle, and that Defendants breached these warranties by failing to repair defects in the vehicle.

Defendants' first motion to dismiss Kelly's Amended Complaint was granted. (Dkt. 15).

1

The Amended Complaint was found to be an impermissible shotgun pleading. (Id. at 3). Moreover, Count III ("Fraud"), Count IV ("Fraud Inducement"), and Count V ("Unfair Trade"), which was brought pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")), were dismissed with prejudice. (Id. at 5-8). Kelly was granted leave to refile. (Id. at 8). After filing her Second Amended Complaint, Defendants moved to dismiss. (Dkts. 16, 19, 20). In response, Kelly filed her Third Amended Complaint, which alleged four counts: (1) "Breach of Obligations Under the Magnuson-Moss Federal Warranty Improvement Act Against Seller" (Count One), (2) "Breach of Obligations Under the Magnuson-Moss Federal Warranty Improvement Act Against Manufacturer" (Count Two), (3) "Violation of Statutory Warranty Under Sec. 320.835, Fla. Stat., Against Seller" (Count Three), and (4) "Violation of Statutory Warranty Under Sec. 320.835, Fla. Stat., Against Manufacturer" (Count Four). (Dkt. 29). Summary judgment was granted in favor of Defendants. (Dkt. 67). The Eleventh Circuit Court of Appeals affirmed summary judgment. *Kelly v. Lee County RV Sales Co.*, 819 F. App'x 713 (11th Cir. 2020).

Defendants filed their motion for entitlement with this Court, seeking attorney's fees and costs under Fla. Stat. §§ 501.2105 and 320.838, and attorney's fees under the fee provision in the Purchase Contract executed between Kelly and North Trail. (Dkts. 82, 83). They also filed their motion for attorney's fees with the Eleventh Circuit, seeking $41,330.50 in appellate attorney's fees. (Dkt. 89). Specifically, they sought appellate attorney's fees under Fla. Stat. § 320.838, and North Trail sought appellate attorney's fees pursuant to the fee provision in the Purchase Contract. (Id. at 1-10). The Eleventh Circuit transferred the motion to this Court "for its consideration of the matter of their entitlement to appellate attorney's fees and the reasonable amount, if any, to be awarded." (Dkt. 88). Upon review, Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees Against Plaintiff (Dkt. 83) is due to be granted. Defendants/Appellees' Motion

2

for Award of Attorney's Fees (Dkt. 89 at 1-10) is due to be granted in part and denied in part.

*I.    Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees Against Plaintiff*

**Conferral and Stipulation to Entitlement**

Defendants assert that before filing their motion they "conferred in good faith with Plaintiff's counsel Pedro Cofino, who in writing, agreed and stipulated to Defendants' entitlement requested herein." (Dkt. 83 at 9). Attached to the motion is a stipulation reflecting that Mr. Cofino "conferred with [his] client at length, as well as co-counsel Roy Wesson regarding the [motion for fees and costs]."[1] (Dkt. 73-1). The stipulation further provides, "I am hereby authorized to proceed to agree and stipulate as to entitlement without prejudice on the issue of Entitlement only, not reasonableness. Thus, I will not be stipulating as to amounts, but as to entitlement, we are ready to proceed on the same." (Id.). Notwithstanding this stipulation, Kelly opposed the motion, contending that Defendants are not entitled to fees. (Dkt. 84). Notably, Kelly does not address her stipulation or Defendants' conferral notice. However, even if the stipulation does not entitle Defendants to fees and costs, they are entitled under Fla. Stat. §§ 501.2105 and 320.838, and North Trail is also entitled to fees pursuant to the Purchase Contract.

**Entitlement Under Section 501.2105**

As noted, Kelly's FDUTPA claim was dismissed with prejudice. (Dkt. 15). Defendants contend that as a result they are entitled to fees and costs under Florida Statute § 501.2105, which provides that a prevailing party "may receive [its] reasonable attorney's fees and costs from the nonprevailing party" after exhaustion of all appeals.[2] Fla. Stat. § 501.2105(1). Courts have

---

[1] The exhibits attached to Defendants' renewed motion do not appear to relate to this case. Notwithstanding, the stipulation was separately filed. (Dkts. 73, 73-1).

[2] In addition to attorney's fees, "FDUTPA allows for the award of non-taxable costs, i.e. those costs that are not taxable under federal law at 28 U.S.C. § 1920." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 836 (11th Cir. 2015)

3

discretion to award fees under FDUPTA. *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 968 (Fla. 4th DCA 2007). In exercising that discretion, the following factors are considered, without limitation: (1) the scope and history of the litigation, (2) the ability of the nonprevailing party to pay fees, (3) whether an award of fees would deter future conduct by others in similar circumstances, (4) the merits of the parties' positions, including the nonprevailing party's culpability or bad faith, (5) whether the claim was frivolous, unreasonable, or groundless, (6) whether the nonprevailing party raised a defense mainly to delay the case, and (7) whether the case posed a significant legal question. *Id.* at 971-72. "The fees recoverable are those devoted to the entire action, not merely the FDUTPA claim, 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'" *Alhassid v. Bank of America, N.A.*, 688 F. App'x 753, 757 (11th Cir. 2017) (quoting *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013)).

Upon considering these factors, I find that Defendants are entitled to fees and costs up until Kelly's FDUTPA claim was dismissed. For example, in evaluating whether the FDUTPA claim was frivolous, unreasonable, or groundless, weighing heavily in favor of awarding fees is the fact that Kelly never responded to the motions to dismiss her Amended Complaint. While this is insufficient evidence of bad faith, it demonstrates that Kelly's FDUTPA claim was unreasonable and groundless. Moreover, as noted in the order dismissing the FDUTPA claim, the claim was not based on a significant legal question in light of the explicit disclaimers of the Purchase Contract. *See* (Dkt. 15 at 7-8). Accordingly, Defendants are entitled to an award of attorney's fees and costs under Fla. Stat. § 501.2105.

---

(citing Fla. Stat. § 501.2105(1)-(4)).

## Entitlement Under Section 320.838

As noted, summary judgment was granted in favor of Defendants on Kelly's "Violation of Statutory Warranty Under Sec. 320.835" claims. (Dkt. 67). Defendants correctly contend that as a result they are entitled to fees and costs under Florida Statute § 320.838, which provides that "[c]ourt costs and reasonable attorney fees may be awarded to the prevailing party." Fla. Stat. § 320.838. Although the statute provides that an award of fees and costs is discretionary, it does not identify the standard that should guide trial courts in exercising this discretion.

The parties submit that the "standard" for an award of attorney's fees under a discretionary fee-shifting statute requires a finding that a plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." (Dkt. 83 at 6); (Dkt. 84 at 2). Notwithstanding, to determine a party's entitlement to fees and costs in similarly worded fee provision statutes, courts in this Circuit have considered either the non-exhaustive *Humane Society* factors, or the five factors discussed in *Blanco v. TransAtlantic Bank*, No. 07-20303-CIV, 2009 WL 2762361, at *2 (S.D. Fla. Aug. 31, 2009). *See Grasso v. Grasso*, No. 8:13-cv-3186-T-33AEP, 2016 WL 7420051, at *4-5 (M.D. Fla. Dec. 15, 2016); *see also Blanco*, 2009 WL 2762361, at *2 n.4.

The five factors from *Blanco* are "(1) the scope and history of the litigation, including whether the Plaintiff continued to prosecute the action despite the presence of an efficient resolution to the case; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the [statute's] remedial purpose by deterring worthy claimants; (4) whether the opposing party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith." 2009 WL 2762361, at *2. Notably, these factors are derived from other fee-shifting Florida statutes, including FDUTPA. *Id.* at *2 & nn. 4-9 (citing *Humane Society of Broward*); *see also Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1259 (11th Cir. 2014) (noting that the court in

*Blanco* "surveyed Florida caselaw on discretionary fee awards and compiled the various areas of analysis into a five-factor test").

Upon review, I find that Defendants are entitled to fees and costs under Fla. Stat. § 320.838 based on either set of factors. Indeed, a denial of such an award would frustrate the remedial purpose of the statute. Moreover, as noted in the order granting summary judgment, Kelly's warranty claims were without merit. *See* (Dkt. 67 at 18-20). As to her claim against North Trail, Kelly's testimony directly contradicted her claim that a substantial defect existed in the addition of the rear awning. (Id. at 19). And as to her claim against Newmar, Kelly failed to identify any record evidence showing an unrepaired Newmar defect that was present in her RV during the first twelve months of her ownership. (Id. at 19-20). Defendants are therefore entitled to fees and costs under this provision.

### Entitlement Under the RV Purchase Contract

North Trail contends that it is entitled to fees pursuant to the attorney's fee provision in the RV Purchase Contract. (Dkt. 83 at 7), which provides, in pertinent part:

> APPLICABLE LAW, VENUE AND ATTORNEY'S FEES. . . . In such action or lawsuit, the prevailing party shall be entitled to recover its attorneys fees' against the other party.

(Dkt. 41-3 at 7).

Kelly disputes North Trail's entitlement to fees, contending that the fee provision "is buried in the fine print on the back of the purchase contract, which should render it unenforceable." (Dkt. 84 at 7). Her contention is without merit.

"Under Florida law, a contractual attorney's fee provision must be strictly construed." *Succar Succar v. Safra Nat'l Bank of New York*, 237 F. App'x 526, 528 (11th Cir. 2007) (internal quotations and citation omitted). "Florida law . . . requires contractual provisions for attorney's fees to 'unambiguously state that intention and clearly identify the matter in which the attorney's

6

fees are recoverable . . . .'" *Am. Univ. of the Caribbean, N.V. v. Caritas Healthcare, Inc.*, 441 F. App'x 644, 645 (11th Cir. 2011) (quoting *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997)). "Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005).

Upon review, I am not persuaded by Kelly's arguments. Although the fee provision appears on the reverse side of the contract, the front of the document includes, above the signature line which she signed, a reference to the terms and conditions of the contract contained on the back side. (Dkt. 41-3 at 6); (Dkt. 84 at 8). Indeed, Florida courts have held that such language provides adequate notice that a party to a contract "was agreeing to other provisions which were on the back of the contract." *Rudy's Glass Const. Co. v. E. F. Johnson Co.*, 404 So. 2d 1087, 1089 (Fla. 3d DCA 1981). Moreover, the paragraph which includes the fee provision is titled, in pertinent part, "ATTORNEY'S FEES." (Dkt. 41-3 at 7). Last, Kelly testified that she read the entire Purchase Contract, had no unanswered questions, and signed the agreement. (Dkt. 41 at 44:20-25; 45:1-3); (Dkt. 41-3 at 6). Accordingly, North Trail is entitled to its fees under the Purchase Contract's fee provision.

## II. Defendants' Motion for Award of Appellate Attorney's Fees

Defendants first seek appellate attorney's fees under Fla. Stat. § 320.838. (Dkt. 89 at 5-7). They contend, and Kelly agrees, that the "standard" for an award of attorney's fees under § 320.838 requires a finding that a plaintiff's lawsuit was "frivolous, unreasonable, or without foundation."[3]

---

[3] Defendants characterize this standard as the "Davenport Standard." (Dkt. 89 at 5-6) (citing *Davenport v. Thor Motor Coach, Inc.*, 2016 WL 8200521, at *3 (M.D. Fla. 2016), *aff'd*, *Davenport v. Thor Motor Coach, Inc.*, 661 F. App'x 997 (11th Cir. 2016). The district court's decision in *Davenport*, however, is not binding on this Court. And although the Eleventh Circuit affirmed the district court's decision, it did not address the district court's denial of fees

(Id. at 5). Notwithstanding, I find that a variety of factors may be considered to determine a party's entitlement to fees and costs based on how other courts have resolved attorney's fees disputes regarding similarly worded fee provision statutes.

Defendants are not entitled to appellate fees under § 320.838. Indeed, as to the scope of the appeal, Kelly did not challenge the entry of summary judgment as to her statutory warranty claims. In any event, Defendants provide no authority supporting their contention that a prevailing party is entitled to appellate attorney's fees under § 320.838 when judgment on those claims was not challenged on appeal. Notwithstanding, under either the *Human Society* or *Blanco* factors, I decline to exercise my discretion to award appellate attorney's fees to Defendants under § 320.838.

North Trail also contends that it is entitled to its appellate fees under the Purchase Contract's fee provision and Fla. Stat. § 59.46. (Dkt. 89 at 8). Kelly opposes appellate fees, reasserting that the fee provision "is buried in the fine print on the back of the purchase contract, which should render it unenforceable." (Dkt. 89 at 21). Her contention is without merit.

Under Fla. Stat. § 59.46, "[i]n the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal." *Id.* As noted, the Purchase Contract provides for the payment of attorney's fees to the prevailing party. (Dkt. 41-3 at 7). North Trail was the prevailing party in the appeal because the Eleventh Circuit affirmed the entry of summary judgment in its favor. Accordingly, North Trail is entitled to appellate fees under the Purchase Contract and Fla. Stat. § 59.46.

---

under § 320.838.

## Conclusion

In sum, Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees (Dkt. 83) is **GRANTED**. Appellees' Motion for Award of Attorney's Fees is **GRANTED in part** and **DENIED in part**. A ruling as to the reasonableness of any fee award is **DEFERRED**. Defendants are directed to file a motion addressing the reasonableness of the fees and costs they seek, with supporting documentation, within thirty (30) days. Plaintiff shall respond to the motion within fourteen (14) days.

**DONE AND ORDERED** this 22nd day of February, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record