**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GERALDINE KELLY,**

       **Plaintiff,**

**v.**                                                                                      **Case No: 8:18-cv-424-T-27JSS**

**LEE COUNTY R.V. SALES COMPANY, a**
**Florida Corporation d/b/a NORTH TRAIL**
**RV CENTER, a Florida Domestic Profit**
**Corporation, and NEWMAR**
**CORPORATION, a Foreign Corporation**
**for Profit,**

       **Defendants.**
_____/

**ORDER**

      **BEFORE THE COURT** is Defendants/Appellees' Post-Entitlement Motion for Monetary Award of Attorneys' Fees Against Plaintiff (Dkt. 91). Plaintiff's time to respond to the motion has expired and the motion is therefore deemed unopposed. Upon consideration, the motion is **GRANTED in part**. Defendants' request for costs for their attorneys' fees expert witness fee is **DENIED without prejudice**.

**Procedural History**

      Plaintiff/Appellant Geraldine Kelly ("Kelly") brought this action alleging a breach of warranty claim against Defendants/Appellees North Trail RV Center ("North Trail") and Newmar Corporation ("Newmar"). (Dkt. 1). She alleged that Defendants provided her with certain warranties when she purchased a recreational vehicle, and that Defendants breached these warranties by failing to repair defects in the vehicle.

      Defendants' first motion to dismiss Kelly's Amended Complaint was granted. (Dkt. 15). The Amended Complaint was found to be an impermissible shotgun pleading. (Id. at 3). Moreover,

1

Count III ("Fraud"), Count IV ("Fraud Inducement"), and Count V ("Unfair Trade"), which was brought pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), were dismissed with prejudice. (Id. at 5-8). Kelly was granted leave to refile. (Id. at 8). After filing her Second Amended Complaint, Defendants moved to dismiss. (Dkts. 16, 19, 20). In response, Kelly filed her Third Amended Complaint, which raised four counts: (1) "Breach of Obligations Under the Magnuson-Moss Federal Warranty Improvement Act Against Seller" (Count One), (2) "Breach of Obligations Under the Magnuson-Moss Federal Warranty Improvement Act Against Manufacturer" (Count Two), (3) "Violation of Statutory Warranty Under Sec. 320.835, Fla. Stat., Against Seller" (Count Three), and (4) "Violation of Statutory Warranty Under Sec. 320.835, Fla. Stat., Against Manufacturer" (Count Four). (Dkt. 29). Summary judgment was granted in favor of Defendants. (Dkt. 67). The Eleventh Circuit Court of Appeals affirmed the entry of summary judgment. *Kelly v. Lee County RV Sales Co.*, 819 F. App'x 713 (11th Cir. 2020).

Defendants filed a motion for entitlement, seeking attorneys' fees and costs under Fla. Stat. §§ 501.2105 and 320.838, and attorneys' fees under the fee provision in the Purchase Contract executed between Kelly and North Trail. (Dkts. 82, 83). They also filed a motion for appellate attorneys' fees in the Eleventh Circuit. (Dkt. 89). Specifically, they sought appellate attorneys' fees under Fla. Stat. § 320.838, and North Trail sought appellate attorneys' fees pursuant to the fee provision in the Purchase Contract. (Id. at 1-10). The Eleventh Circuit transferred the motion to this Court "for its consideration of the matter of [Defendants] entitlement to appellate attorney's fees and the reasonable amount, if any, to be awarded." (Dkt. 88). Defendants' Renewed Motion for Entitlement to Recover Costs and Attorneys Fees Against Plaintiff (Dkt. 83) was granted[1], and

---

[1]  Specifically, this Court determined that Defendants were "entitled to fees and costs up until Kelly's FDUTPA claim was dismissed . . . under Fla. Stat. § 501.2105," "entitled to fees and costs under Fla. Stat. § 320.838," and that "North Trail is entitled to its fees under the Purchase Contract's fee provision." (Dkt. 90 at 4, 6-7).

Defendants/Appellees' Motion for Award of Attorney's Fees (Dkt. 89 at 1-10) was granted in part and denied in part.[2]

Defendants now request trial attorneys' fees in the amount of $138,440, appellate attorneys' fees in the amount of $12,342, and costs in the amount of $7,440 for their attorneys' fees expert witness fee. (Dkt. 91 at 10). As explained below, the motion is due to be granted in part and denied in part.

## AMOUNT OF ATTORNEYS' FEES AND COSTS

### A.  The Lodestar Method[3]

The starting point in determining a reasonable award of attorneys' fees is calculating the "lodestar," which is the number of hours reasonable expended multiplied by a reasonable hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

i.     *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437 (internal quotation marks omitted). In determining the reasonableness of the hourly rate, the court may consider the twelve *Johnson*

---

[2]  As to Defendants' request for appellate fees, it was determined that "Defendants are not entitled to appellate fees under § 320.838," and that "North Trail is entitled to appellate fees under the Purchase Contract and Fla. Stat. § 59.46." (Dkt. 90 at 8).

[3]  Florida has adopted the federal lodestar method for calculating appropriate attorneys' fees. *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990); *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

factors.[4] *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The court may also consider its own knowledge and experience in its determination of a reasonable fee. *Norman*, 836 F.2d at 1303.

Here, Defendants seek attorneys' fees for the work performed by William Scott Powell, Esq., Kimberly A. Ashby, Esq., and Ms. Ashby's paralegal, Stephenie Scott (Dkt. 91); (Dkt. 91-2 ¶¶ 7-9); (Dkt. 91-3 ¶ 6). Mr. Powell is an attorney with over 30 years of legal experience in products liability and warranty litigation. (Dkt. 91-1 ¶¶ 3-4). He performed his services in this case at a rate of $285 per hour. (Id. ¶ 7). Ms. Ashby is an attorney with over 40 years of legal experience. (Dkt. 91-2 ¶¶ 8-9). She handled Defendants' appeal at a rate of $620 per hour. (Id.); (Dkt. 91-3 ¶ 6). Her paralegal, Ms. Scott, handled Defendants' appeal at a rate of $275 per hour. (Dkt. 91-3 ¶ 6). Although Plaintiff does not challenge these hourly rates (Dkt. 91 at 10); (Dkt. 91-4), after considering the *Johnson* factors and an independent review, I find that Mr. Powell's hourly rate is reasonable but that Ms. Ashby's hourly rate of $620 and Ms. Scott's hourly rate of $275 are not reasonable. *See Norman*, 836 F.2d at 1303.

Indeed, when considering Ms. Ashby's and Ms. Scott's hourly rates against the aforementioned criteria, I find that their hourly rates appear to exceed those rates charged by lawyers and paraprofessionals of comparable experience in similar matters within this district. *See id.* As noted, Defendants bear the burden of producing satisfactory evidence establishing that the requested hourly rate is in accord with the prevailing market rates. *Id.* at 1299. Satisfactory evidence includes "rates actually billed and paid in similar lawsuits," not merely the assertions of

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

the attorney performing the work or testimony that such a fee is reasonable. *See Smith v. Reliance Standard Life Ins. Co.*, No. 03-61274-CUV-ZLOCH, 2004 WL 2980683 (S.D. Fla. Nov. 10, 2004) (citing *Norman*, 836 F.2d at 1299).

Defendants fail to support the requested hourly rate of $620 for Ms. Ashby. Although Defendants' fee expert, Charles P. Mitchell, avers that "Ashby has handled hundreds of appeals," Mr. Mitchell does not reference other cases demonstrating that the requested hourly rate is in accord with the prevailing market rates of the Middle District of Florida. (Dkt. 91-2 ¶¶ 8-9, 25). Moreover, although Ms. Ashby avers that "[t]he hourly rates charged by [her and Ms. Scott] . . . are reasonable given prevailing rates in the legal community for similar services by lawyers and associated paraprofessionals with reasonably comparable skills, experience and reputation," she does not provide examples of such fee awards. (Dkt. 91-3 ¶ 4). Rather, after an independent search, it appears that Ms. Ashby requested $275 per hour for similar work in 2013, which the court found was reasonable and reflected the prevailing market rate in the legal community. *See Burns v. Winnebago Indus., Inc.*, No. 8:11-cv-354-T-24, 2013 WL 811611, at *1-2 (M.D. Fla. Mar. 5, 2013). While Ms. Ashby is certainly qualified and experienced, in this Court's experience, and after considering the *Johnson* factors, I find that an hourly rate of $450 is more in line with such services. *See Norman*, 836 F.2d at 1303; *ApplePie Capital, Inc. v. Sirois Ventures III LLC*, No. 8:19-cv-2719-T-35TGW, 2021 WL 2459445, at *2 (M.D. Fla. Jan. 15, 2021) (reducing requested rates of $665 and $690 per hour to $450 per hour for an attorney with "over thirty-five years of legal experience"); *Diamond Resorts U.S. Collection Dev., LLC v. Hilyer*, No. 6:20-cv-427-Orl-40GJK, 2020 WL 9454959, at *6 (M.D. Fla. Dec. 2, 2020) (reducing requested rate of $620 per hour to $450 per hour for an attorney with "35 years of experience in federal litigation and arbitral forums and is AV-rated"). Accordingly, a rate of $450 per hour is reasonable for the work

performed by Ms. Ashby. *See Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) ("Because the fee petition is inadequate, the district court is completely at liberty to determine the reasonable hourly rate relying on its own expertise.").

Defendants also fail to support the requested hourly rate of $275 for Ms. Scott. Indeed, Defendants simply list her as a certified paralegal and do not provide an explanation of her experience or instances where a paraprofessional requested and received an hourly rate of $275. *See* (Dkt. 91-3 ¶ 3 & at p. 34). Accordingly, I find that Ms. Scott's rate should be reduced to $125 per hour to reflect the prevailing rate for paraprofessionals in the Middle District of Florida. *See Norman*, 836 F.2d at 1303; *Deltona Transformer Corp. v. Odes Indus. LLC*, No. 6:20-cv-527-Orl-40GJK, 2021 WL 1819231, at *2 (M.D. Fla. Jan. 26, 2021) (reducing requested rates of $215 and $200 per hour to $125 per hour for paralegal services).

ii.   *Number of Hours Reasonably Expended*

The next step is to determine the hours reasonably expended, which excludes "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301. The court may conduct an hour-by-hour analysis of the fees requested to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Here, Defendants seek compensation for 485.75 hours of "trial level" legal work on this matter performed by Mr. Powell, 17.6 hours of appellate work performed by Ms. Ashby, and 5.2 hours incurred by Ms. Scott. (Dkt. 91-1 ¶ 12); (Dkt. 91-2 ¶¶ 23-24). Defendants submit the affidavits and billing records of Mr. Powell and Ms. Ashby to support these hours. (Dkts. 91-1, 91-3). Defendants also submit the declaration of their fee expert, Mr. Mitchell, to support their

request. (Dkt. 91-2). Plaintiff, having failed to respond to the motion, has not objected to the number of hours Defendants' attorneys and paralegal expended.

Upon review of the time records for Mr. Powell and Ms. Ashby, no excessive, redundant, or otherwise unnecessary entries appear. Moreover, Mr. Powell made several line item deductions to his billing records and does not seek the time spent assisting appellate counsel on the appeal. (Dkt. 91 at 7); (Dkt. 91-1 ¶ 10). However, discrepancies exist in the number of hours expended and the dollar amount of fees sought.[5] For example, although Mr. Powell seeks $9,804 for March 2018, the invoice as reduced reflects that the total billable time is 34 hours. (Dkt. 91-1 at pp. 9, 13-14). At $285 per hour, the appropriate fee for March 2018 is $9,690 ($285 x 34). Mr. Powell also seeks $3,078 for November 2019, but the invoice as reduced reflects that the total billable time is 9.3 hours. (Id. at pp. 9, 21-32). At $285 per hour, the appropriate fee for November 2018 is $2,650.50 ($285 x 9.3). Moreover, the November 2019 invoice includes 10 time entries, totaling 4.2 billable hours. (Id. at p. 53). At $285 per hour, the appropriate fee is $1,197 ($285 x 4.2), not the $6,982.50 fee reflected on "Defendants' trial level fees by month/year" breakdown. (Id. at p. 9). A reduction in Mr. Powell's proposed hours due to these inconsistencies is therefore warranted.

Accordingly, based on the evidence submitted by Defendants, as well as my own experience and expertise, I find that it was reasonable and necessary for Mr. Powell to expend 463.8 hours litigating this action. Moreover, I find that it was reasonable and necessary for Ms. Ashby and Ms. Scott to expend 17.6 hours and 5.2 hours, respectively, for the appeal.

iii.   *Lodestar Calculation*

In summary, the following hours were reasonably and necessarily expended by Defendants' counsel in defending this action and the following hourly rates would be appropriate

---

[5] Neither Mr. Powell nor Mr. Mitchell address these inconsistencies.

and reasonable in this legal community for defending a similar warranty action: 463.8 hours for Mr. Powell at $285 per hour, 17.6 hours for Ms. Ashby at $450 per hour, and 5.2 hours for Ms. Scott at $125 per hour. Therefore, I find that a sum of $140,753 ($132,183 + $7,920 + $650) is a reasonable attorneys' fee to be awarded to Defendants in this case.

**B.**   **Attorneys' Fees Expert Costs**

Defendants further seek $7,440 in costs for the work performed by their fee expert, Mr. Mitchell. (Dkt. 91 at 10). Plaintiff does not oppose this request. Notwithstanding, Defendants have not cited any legal authority supporting their proposition that an attorneys' fee expert's fee constitutes a "reasonable" cost pursuant to Fla. Sta. §§ 501.2105 or 320.838, or in light of 28 U.S.C. § 1920. Accordingly, Defendants' request for $7,440 in costs is **DENIED** *without prejudice*. Defendants are directed to file a supplemental memorandum setting forth the statutory or legal authority providing that an attorneys' fee expert fee is a taxable cost. The supplemental memorandum, **due July 28, 2021**, shall not exceed five pages, including the certificate of service and counsel's signatures, and shall be limited solely to this issue.

**C.**   **Conclusion**

Accordingly, Defendants/Appellees' Post-Entitlement Motion for Monetary Award of Attorneys' Fees Against Plaintiff (Dkt. 91) is **GRANTED in part**. Defendants are awarded $140,753.00 in attorneys' fees. The Clerk is directed to enter judgment in favor of the Defendants.

**DONE AND ORDERED** this 22nd day of July, 2021.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record